**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

GILBERTINA TUMAKU,
Petitioner,

v.

No. 97-1380

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A70-504-559)

Submitted: February 27, 1998

Decided: March 24, 1998

Before MICHAEL and MOTZ, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Randall L. Johnson, JOHNSON & ASSOCIATES, Arlington, Vir-
ginia, for Petitioner. Frank W. Hunger, Assistant Attorney General,
Anthony W. Norwood, Acting Senior Litigation Counsel, Gretchen
M. Wolfinger, Office of Immigration Litigation, Civil Division,
UNITED STATES DEPARTMENT OF JUSTICE, Washington,
D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Gilbertina Dowu Tumaku is a native and citizen of Sierra Leone, living in this country. She petitions for review of a final order of the Board of Immigration Appeals (BIA) denying her application for asylum and withholding of deportation. Because substantial evidence supports the BIA's decision, we affirm.

The Immigration and Nationality Act (Act) authorizes the Attorney General, in her discretion, to confer asylum on any refugee. See 8 U.S.C. § 1158(a) (1994). The Act defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (1994); see also M.A. v. INS, 899 F.2d 304, 307 (4th Cir. 1990) (in banc). The "well-founded fear of persecution" standard contains both a subjective and an objective component. The objective component requires credible, specific, direct evidence supporting a reasonable fear that the alien faces persecution. See Huaman-Cornelio v. Board of Immigration Appeals, 979 F.2d 995, 999 (4th Cir. 1992).

The standard for withholding of deportation is more stringent than that for granting asylum. See INS v. Cardoza-Fonseca, 480 U.S. 421, 431-32 (1987). To qualify for withholding of deportation, an applicant must demonstrate a "clear probability of persecution." Id. at 430.

A court reviews the BIA's decision for substantial evidence. See Huaman-Cornelio, 979 F.2d at 999. Accordingly, the decision may be "reversed only if the evidence presented by [the petitioner] was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).

2

In her request for asylum and withholding of deportation, Tumaku asserted she had a well-founded fear of persecution in Sierra Leone based upon her involvement with the All People's Congress Political Party (APC) and her faith as a Christian Evangelist.

Addressing her political claim, we note that the APC is the former ruling party of Sierra Leone, which was ousted from power in a military coup in 1992 by the National Provisional Ruling Council (NPRC). Tumaku's testimony reveals that one of her sisters served as the propaganda secretary for the APC and was the personal secretary for the former Inspector General of Police. Tumaku explained that she lived with and was raised by this sister from nine years of age, and that she often attended APC functions where she assisted in preparing refreshments. She believes that were she to return, she would be persecuted both because of her own support of the APC and because of her sister's prior position within the party. (Her sister successfully applied for asylum in this country after the NPRC coup.)

Tumaku also testified that she was discriminated against on the basis of her religion in that she and other Evangelicals were denied promotions and scholarships in favor of less qualified Muslims. She also noted that Evangelical groups were frequently denied permits to conduct "open air services," while Muslim groups never faced any difficulty in obtaining such permits.

The IJ and the BIA found Tumaku's testimony insufficient to satisfy the objective component contained within the well-founded fear of persecution requirement. In reaching this determination, the IJ noted that the most recent Department of State reports on Sierra Leone stated that there was no information to suggest that mere supporters of the APC, or those with family relationships to former APC members being held by the present government, were being subjected to extra-legal actions. These same country reports also stated that there was no information suggesting that Christians were being harassed or otherwise mistreated. The reports aside, however, the IJ noted that the discriminatory acts complained of did not rise to a level of persecution which would require a grant of asylum. Further, it is uncontested that Tumaku has other family members who still live in Sierra Leone, apparently free of persecution.

3

On the basis of this information relied upon by the IJ and the BIA, we cannot say that a reasonable fact finder would be compelled to conclude that Tumaku possessed a well-founded fear of persecution. Accordingly, we conclude that substantial evidence supported the IJ's and BIA's determination that Tumaku did not qualify for asylum. From this determination, it necessarily follows that she cannot meet the higher standard imposed for those seeking withholding of deportation. See Huaman-Cornelio, 979 F.2d at 1000. Accordingly, we affirm the BIA's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4